■  SYDNEY KRAUSE, as Trustee for the Benefit of the Class A Creditors of D. R. Comenzo & Co., Inc., Appellant, v. AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Respondent.— Order, entered June 28, 1966, insofar as appealed from, unanimously affirmed, with $50 costs and disbursements to abide the event. The defenses are entitled to stand pending the coming in of proof on the issues. It may not now be determined that plaintiff has no claim for the loss of property, e.g., of oil stored under warehouse receipts, but thereafter removed illegally, which might come under some provision of the policy or one or more of its riders and which also might be entitled to the protection of section 172 of the Insurance Law covering property insurance. Concur — Breitel, J. P., McNally, Stevens and Capozzoli, JJ.

■  In the Matter of FRIENDLY TAVERN Co., INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination canceling petitioner's liquor license annulled, on the law, without costs or disbursements and the matter remanded, in the exercise of discretion, for a hearing on the ground that a short adjournment should have been granted in the circumstances. Concur — McNally, Stevens and Capozzoli, JJ.; Breitel, J. P., dissents and votes to confirm in the following dissenting memorandum: Petitioner had ample notice and opportunity to comply with the administrative regulations governing adjournments and representation by counsel. Moreover, the rule in *Matter of Leogrande* v. *State Liq. Auth.* (25 A D 2d 225) is inapplicable. There was waiver with respect to the proffered evidence in this matter. The record does not show that the alleged suppression occurred. And assuming that the alleged suppression occurred, as is asserted in petitioner's reply brief, there is nothing anywhere to suggest, let alone show, that the suppression did or would have required the exclusion of all of the competent evidence received on behalf of the Authority, as was the situation in the *Leogrande* case.